IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TIMOTHY MCGREAL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-0338-O-BP |
| § | |
| HUITT-ZOLLARS INC, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On March 28, 2025, *pro se* Plaintiff Timothy McGreal filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 4. He also filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 3.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Timothy McGreal is the plaintiff. He names "Huitt-Zollars Inc" as the sole defendant.

C.   LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. On

April 4, 2025, after reviewing Plaintiff's IFP application, the Court determined that it was deficient and ordered Plaintiff to either pay the $405 filing and administrative fees or file a complete long-form IFP application by April 18, 2025. ECF No. 6. The Court provided Plaintiff the form necessary to comply and warned him that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.* Plaintiff did not comply. On April 21, 2025, the Court *sua sponte* granted Plaintiff an extension of time to comply with the Court's order by May 5, 2025. ECF No. 7. The Court warned Plaintiff again that failure to either pay the filing and administrative fees or file a complete amended IFP application could result in dismissal of this action under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's orders lapsed. To date, Plaintiff has not complied with the Court's orders, sought an extension of time to do so, or otherwise attempted to cure his filing deficiency. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court orders and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on May 8, 2025.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE